IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERRY LEE NELSON | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv24 |
| WARDEN, HUNTSVILLE UNIT, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Terry Lee Nelson, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against the Warden at the Huntsville Unit; Mr. Muniz, an Assistant Warden at the Polunsky Unit; Richard McKee, a Law Library Supervisor also at the Polunsky Unit; Jane Doe, a Mental Health Coordinator at the Huntsville Unit; and Diane Jackson, a Nurse Practitioner at the Polunsky Unit.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges that the Warden at the Huntsville Unit allowed his staff to incorrectly house plaintiff, resulting in plaintiff's sexual assault. Plaintiff claims the Warden failed to protect him and dismissed his request for safekeeping and transfer. Plaintiff also claims defendant Jane Doe, a Mental Health Coordinator at the Huntsville Unit, denied him psychological counseling and placement in a residential treatment facility.

Plaintiff complains that while he has been confined at the Polunsky Unit he has been exposed to cruel and unusual punishment by being confined in a punitive segregation cell, denied access to the courts, and denied adequate medical treatment by defendants Muniz, Mckee and Jackson.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred at the Huntsville Unit, located in Walker County, Texas. Further, the defendants regarding theses claims are located in Walker County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case are the above-listed counties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Walker County is located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The claims in this action against the Warden and Mental Health Coordinator at the Huntsville Unit for

which venue is improper should be severed and transferred to the Southern District of Texas. Plaintiff's claims against the defendants employed at the Polunsky Unit, defendants Muniz, McKee, and Jackson, should remain in this action. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this  27  day of            February           , 2014.

                                          KEITH F. GIBLIN
                                          UNITED STATES MAGISTRATE JUDGE