UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY LEE NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-764 |
| | § | |
| JOHN DOE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Terry Lee Nelson filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Defendant James Jones filed a motion to dismiss, and defendant Sherry Haynes filed a motion for summary judgment. For the reasons stated below, defendants' motions are granted and plaintiff's complaint is dismissed with prejudice.

**I.     Background**

At all times relevant to this case, Nelson was an inmate in the Texas Department of Criminal Justice ("TDCJ"). Nelson contends that he was sexually assaulted by his cell mate while incarcerated at the TDCJ's Huntsville Unit in Huntsville, Texas. Defendant Jones is the Senior Warden of the Huntsville Unit.

Following the assault, Nelson received medical treatment and was referred for mental health treatment. Defendant Haynes provided some counseling. Knowing that Nelson was scheduled for transfer to another TDCJ unit, she advised him to seek out additional counseling at his new unit, if necessary.

On February 21, 2014, Nelson filed suit in the United States District Court for the Eastern District of Texas. He alleged that defendant Jones, as Senior Warden of the Huntsville Unit, was liable for a violation of his Eighth Amendment rights based on the decision to house Nelson with

the cell mate who attacked him. He alleged that defendant Haynes exhibited deliberate indifference to his serious medical needs by failing to provide him with sufficient mental health treatment. Nelson also asserted claims against defendants employed at the TDCJ's Polunsky Unit in Livingston, Texas. The Polunsky Unit is located in the Eastern District of Texas, and the Huntsville Unit is in the Southern District of Texas. On February 27, 2014, United States Magistrate Judge Keith F. Giblin of the Eastern District of Texas entered an order severing the claims against the Polunsky Unit defendants from those against the Huntsville Unit defendants, and transferring the claims against the Huntsville Unit defendants to this Court.

Pursuant to an order by this Court, Nelson filed a More Definite Statement ("MDS") of his claims against Jones and Haynes. On August 29, 2014, Jones filed a motion to dismiss the claims against him. On December 2, 2014, Haynes filed a motion for summary judgment. Nelson has not responded to either of these motions.

## II. Analysis

### A. Standard of Review

#### 1. Motion to Dismiss

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### 2. Motion for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Defendant Jones

To prevail on his claim, Nelson must demonstrate that each defendant was personally involved in the alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Moreover, supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

Defendant Jones is the Senior Warden at the Huntsville Unit. Plaintiff cites to nothing in the record showing that Jones had any involvement in the decision to house plaintiff with the cell mate who attacked him. Plaintiff states only that Jones is "Head Warden of the Huntsville Unit and overseer of all security/housing placement matters," and that Jones "allowed" Nelson to be housed with the other inmate. MDS (Doc. # 14) at 1, 3.

Nelson's complaint against Jones appears to rest solely on his supervisory position as Senior Warden. He does not identify any personal involvement by Jones in the decision to house plaintiff with the inmate who attacked him. As noted above, however, supervisory officials

cannot be found liable under under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior.  Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978).  Because plaintiff fails to identify any personal involvement by defendant Jones, he fails to state a claim against Jones.

### C. **Exhaustion of Remedies**

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004).

Plaintiff alleges that the sexual assault occurred on April 1, 2013.  MDS at 1-2.  Plaintiff attaches copies of a number of grievances to his complaint, but these pertain to the Polunsky Unit defendants.  As noted above, the claims against those defendants were severed and remain in the Eastern District of Texas.

Defendant Haynes submits a copy of step 1 and step2 grievances referencing the assault and Nelson's concerns for his safety.  *See* Exhibit A to Haynes' Motion for Summary Judgment. The Step 1 grievance is dated June 26, 2013.  This is well beyond 15 days after the April 2 assault.  Moreover, that grievance complains that Nelson has not been placed in safekeeping and makes no reference to defendant Haynes or any alleged lack of mental health treatment.

Therefore, Nelson failed to properly exhaust his available administrative remedies with regard to defendant Haynes, and she is entitled to summary judgment.

**D.      Deliberate Indifference**

To rise to the level of a constitutional violation, Haynes' actions must exhibit deliberate indifference to Nelson's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Haynes submits evidence that she saw Nelson at 8:05 am on April 3, 2013, approximately four and a half hours after he was brought to the emergency room for treatment following the assault. Haynes' Exh. B at 2. Haynes conducted a mental status examination and provided "supportive counseling." Nelson, however, was in transient status, meaning that he was in the process of being transferred to another unit. Because of Nelson's status, Haynes advised him to speak to the mental health staff and chaplain at Nelson's next unit "if the need arises."

Haynes provided treatment in the immediate aftermath of the assault, and Nelson was transferred to another unit that afternoon. *Id.* Upon arrival, he was assessed by a Mental Health Case Manager. *Id.* Nelson does not identify anything else that Haynes could have done for him. He thus fails to identify any negligence by Haynes, much less deliberate indifference.

### E. Conclusion

For the foregoing reasons, defendant Haynes' motion for summary judgment is granted, defendant Jones' motion to dismiss is granted, and Nelson's complaint is dismissed.

### III. Order

It is ORDERED that:

1. Defendant Jones' motion to dismiss (Dkt. No. 28) is GRANTED;

2. Defendant Haynes' motion for summary judgment (Dkt. No. 35) is GRANTED;

and

3. The complaint (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

It is so ORDERED.

SIGNED on this 11th day of February, 2015.

_____
Kenneth M. Hoyt
United States District Judge